UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                     Criminal No. 05-cr-184-1-SM
                                          Opinion No. 2007 DNH 087

<u>Theoun So</u>

## **O R D E R**

Defendant has filed a motion seeking release on bail pending resolution of his direct appeal.  18 U.S.C. § 3143(b).  Because he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and has been sentenced, defendant must be detained absent a finding based on clear and convincing evidence that he is not a risk of flight or a danger to the community <u>and</u> that his appeal raises a substantial question of law or fact likely to result in, among other things, "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B)(iv).

The pertinent facts are these.  Defendant went to a commercial firing range with a friend.  He arrived at the range in possession of a silver-colored pistol, which was in a holster on his hip.  Defendant proceeded to rent firearms and to fire them on the range.  Before renting and using the firearms,

defendant had affirmatively misrepresented his criminal history on a form required by the business when he denied that he had been previously convicted of a felony.  In fact, defendant had been previously convicted of two felonies, both of which qualified as crimes of violence.  His prior convictions, and the fact that he rented and fired a submachine gun, resulted in a Base Offense Level under the Sentencing Guidelines of 26.  See U.S.S.G. § 2K2.1(a)(1).  Defendant's Criminal History Category ("CHC") was properly determined to be Category III.

Counsel argues that defendant's appeal of his sentence does raise "substantial issues of fact and law which could result in the time-served sentence sought by . . . counsel," citing cases that generally reject "fleeting and transitory" or "otherwise innocent" factual defenses to felon in possession of firearms charges.  But, even if such factual defenses might prove valid under extraordinary circumstances like those mentioned in the cases cited by counsel (e.g., a felon taking possession of a firearm from a child), there is no "fleeting" or "otherwise innocent possession" issue here.  Defendant carried a pistol on his hip into a commercial range, misrepresented his criminal background, rented other firearms, and actually fired them for approximately one hour.  See United States v. Holt, 464 F.3d 101,

106-107 (1st Cir. 2006); United States v. Mercado, 412 F.3d 243, 251 (1st Cir. 2005).

Defendant also suggests that a substantial legal issue will be presented on appeal related to the recent Supreme Court decision in Rita v. United States, 2007 WL 1772146, 75 USLW 4471 (June 21, 2007).  Rita validated a rebuttable appellate presumption that criminal sentences falling within a properly calculated Guidelines sentencing range are "reasonable," but noted that sentencing courts cannot apply a similar presumption.

Neither appellate issue is likely to result in "the time-served sentence sought by . . . counsel."  The factual findings underlying the imposed sentence — that defendant carried a firearm on his hip in a holster, rented other firearms at the range, and fired those weapons, knowing he was a prohibited person and after having misrepresented his status as a convicted felon to facilitate his acquisition of the rented firearms, are fully supported by the testimony and evidence presented.  The legal issue defendant identifies — that the court (presumably implicitly) deemed a Guidelines sentence to be presumptively reasonable — is a bit difficult to understand.  The court did not "presume" the properly calculated advisory Guidelines sentencing range to be reasonable in this case.  To the contrary, the court

<u>sua</u> <u>sponte</u> <u>declined</u> to impose a sentence within that properly calculated range.  Defendant's Guidelines sentencing range, after adjustments, was based upon a Total Offense Level of 25 and a Criminal History Category III, which called for a prison sentence between 70 and 87 months.  But the court departed two levels under Guidelines Section 5K2.0, on grounds that the circumstances surrounding defendant's possession of a submachine gun (an enhancing fact under Section 2K2.1(a)(1)) fell outside the heartland of cases involving felons in possession of such weapons.  Specifically, the court determined that because defendant's possession of the submachine gun was at a commercial firing range, he was under supervised and controlled conditions, the weapon was used exclusively for target-shooting, and the record sufficiently suggested a degree of marketing pressure by the business to induce defendant to rent and try that particular sentence-enhancing firearm, the enhancing factor based on the weapon's characteristics should not be applied.

It may be that the court's downward departure under Section 5K2.0 is vulnerable on appeal, but, if overturned, the result would decrease rather than increase the likelihood of a sentence less severe than the one imposed.  And, for the reasons given at sentencing, the court is not persuaded (at least not on any grounds argued or apparent from this record) that a non-

Guidelines sentence below the one the court has already departed to is warranted.

Concededly, fifty-seven months (or 70-87 months, absent the court's departure) is not a lenient sentence for the offense of conviction.  But the Congress and the Sentencing Commission could reasonably conclude that a person twice convicted of a crime of violence who subsequently possesses firearms, presents a heightened and serious danger to the public sufficient to warrant stiff penalties aimed at dissuading both that person specifically, and others like him generally, from having firearms under their control.  Thus, the Guidelines counsel a serious sentence.  The question then becomes, whether there are other circumstances or facts present that warrant a different — here, less severe — sentence.

Had the facts of this case been different — had defendant simply gone to a commercial firing range with a friend and, due to plausible ignorance, rented firearms to engage in recreational target-shooting under close supervision and in a controlled setting, those circumstances, coupled with his recent productive work history, fulfilled family responsibilities, compliant behavior while on bail and probation, and seemingly sincere effort to change the direction of his life, may well have

warranted a Booker sentence somewhat below the departed-to 57 months imposed in this case.  But those are not the facts.

This defendant carried a firearm to the range on his person; he knew he was prohibited from possessing firearms; he deliberately and falsely denied his disqualifying prior felony convictions to facilitate his acquisition of firearms; and he rented, possessed, and fired those weapons.  Accordingly, the court declined to impose a lesser sentence after having considered the circumstances as a whole, counsel's argument, and the factors described in 18 U.S.C. § 3553(a), particularly the need for specific and general deterrence.

Given the need for specific and general deterrence, and the seriousness of the offense, albeit in a context found to warrant a downward departure, even if defendant obtains a new sentencing hearing on appeal, it does not seem "likely" that a "reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process" will result.  18 U.S.C. § 3143(b)(B)(iv).

So, even stretching a few points in defendant's favor — i.e., that he "clearly and convincingly" poses no flight risk (notwithstanding his potential deportation), and poses no danger

to the community (notwithstanding his history of violence, including felony convictions and multiple restraining orders), defendant still fails to satisfy the conditions necessary to obtain bail pending appeal, because the factual and legal issues he proposes to raise on appeal are not likely to result in a reduction in his sentence below the total time already served (here, about one year in detention on a warrant obtained by the Bureau of Immigration and Customs Enforcement)[1] and the expected duration of the appeal process (usually about six months to one year).

The Motion for Bail and Stay Pending Appeal (document no. 35) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 12, 2007

cc:   Debra M. Walsh, AUSA, Esq.
      Bjorn F. Lange, Esq.
      Jeffrey S. Levin, Esq.

---

[1] The court assumes defendant will receive credit for that time, about one year, toward the current sentence.